## GANS S. S. LINE v. UNITED STATES.

District Court, S. D. New York.<br/>Nov. 29, 1938.

J. S. Seidman, of New York City, and John E. Hughes, of Chicago, Ill., for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (Leon E. Spencer, of New York City, of counsel), for the United States.

HULBERT, District Judge.

This action at law was brought to recover $216,469.05 balance of overpayment of income and profits taxes for the calendar year 1917 as determined by the Commissioner of Internal Revenue and credited Sept. 14, 1925, to a tax deficiency for 1919 (collection of which was then barred) as shown in his certificate of overassessment issued to the plaintiff on or about Oct. 14th, 1925.

The case was tried before the Court without a jury.

I find:

(1) Plaintiff, a corporation organized and doing business under the laws of the State of New York at 44 Whitehall Street,

New York, N. Y., within the Southern District of New York, filed its 1917 Federal income and profits tax return disclosing a liability of $2,785,773.18 and paid the major portion thereof to William H. Edwards, then Collector of Internal Revenue for the Second New York District, and the remainder on Feb. 21, 1924, to Frank K. Bowers, as successor Collector of said District. Mr. Bowers died before this action was commenced.

(2) May 14, 1920, plaintiff filed its 1919 income and profits return showing its net income, the deductions claimed to be allowable by law, and the tax due.

(3) February 15, 1923, plaintiff filed a claim for a refund of the 1917 tax in the amount of $2,515,777.84, and on Feb. 21, 1924, filed a further claim for refund of said tax in the amount of $2,750,000.

(4) In the year 1923 plaintiff filed a waiver of the right to have its income and profits tax for 1917 assessed and the waiver was accepted by the Commissioner of Internal Revenue.

(5) August 19th, 1925, the Deputy Commissioner of Internal Revenue wrote the plaintiff advising that its application had been considered and allowed to the extent of $535,560.55 and $96,201.81 unpaid income taxes were abated, making a total of $631,762.36, and that certificate of overassessment "will reach you in due course through the office of the Collector of Internal Revenue of your district, and will be applied by that official in accordance with Section 281(a) of the Revenue Act of 1924 [43 Stat. 301]."

(6) October 28, 1925, the Commissioner of Internal Revenue signed a schedule of Refunds and Credits #15,475 wherein $216,469.05 was credited to income tax, alleged to be due from the plaintiff for the year 1919, as set forth in the certificate of overassessment.

(7) With the certificate of overassessment, the defendant delivered to the plaintiff its check for $511,258.53, representing the balance of $535,560.55, i.e., $319,091.50, and interest of $167,521.63 thereon. The plaintiff accepted the said check and in due course deposited the same to its credit with its bank and has collected and benefited from the proceeds, and at no time disputed the insufficiency of such refund check until, as the parties stipulated upon the trial, the filing of a claim Aug. 28, 1929, for refund of 1919 income and prof-

its tax based on "$216,469.05 collected on Sept. 14, 1925 by way of credit for 1917 overassessment which was scheduled at that time." It does not appear what disposition, if any, has been made of the same.

(8) Oct. 15th, 1931, plaintiff instituted an action against the defendant in this court for the recovery of $216,469.05 on the basis of an alleged account stated by certificate of overassessment #15,475. The Court upon motion of defendant dismissed that action, which was brought under the Tucker Act, Act March 3, 1887, Chap. 359, 24 Stat. 505, incorporated in Title 28 U.S.C.A. § 41(20) because the amount sued for exceeded $10,000 and the judgment entered thereon was affirmed by the Circuit Court of Appeals, Second Circuit, in a per curiam opinion reported in 65 F.2d 1016.

(9) This action was then brought on January 2nd, 1936.

It is alleged in the complaint, and conceded by the defendant, that this action is not based upon an account stated. See Leisenring v. United States, Ct.Cl.1933, 3 F.Supp. 853; Ct.Cl., 4 F.Supp. 993; Certiorari denied 291 U.S. 682, 54 S.Ct. 558, 78 L.Ed. 1069.

Section 24 of the Judicial Code, Title 28 U.S.C.A. § 41 provides:

"The district courts shall have original jurisdiction as follows: * * *

"(20) Suits against United States. Twentieth. Concurrent with the Court of Claims, of all claims not exceeding $10,000 founded upon the Constitution of the United States or any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the Government of the United States * * *; and of any suit or proceeding commenced after the passage of the Revenue Act of 1921, for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws even if the claim exceeds $10,000, if the collector of internal revenue by whom such tax, penalty, or sum was collected is dead or is not in office as collector of internal revenue at the time such suit or proceeding is commenced. * * * No suit against the

978

Government of the United States shall be allowed under this paragraph unless the same shall have been brought within six years after the right accrued for which the claim is made. * * * All suits brought and tried under the provisions of this paragraph shall be tried by the court without a jury."

This Court denied a motion of the defendant to dismiss the complaint before serving its answer thereto upon the authority of Bonwit Teller & Co. v. United States, 283 U.S. 258, 51 S.Ct. 395, 398, 75 L.Ed. 1018. In that case the Government contended, as here, that the action was barred by R.S. 3226 as amended, Title 26 U.S.C.A. § 156 (now Sections 1672–1673), which provided that no suit for recovery of any income tax alleged to have been erroneously collected could be taken after five years from payment of the tax. The overpayment was made more than five years before the complaint was filed but the Supreme Court held that the case was not within the clause of two years after disallowance since the claim there, as here, was allowed. Mr. Justice Butler said: "The action is not for the overpayment of the tax in 1919, but is grounded upon the determination evidenced by the certificate issued by the Commissioner May 12, 1927. Upon delivery of the certificate to plaintiff, there arose the cause of action on which this suit was brought. [Citing cases.] There is no merit in the contention that the suit is barred."

Upon the trial, counsel for plaintiff stated that he was not relying on the certificate of overpayment, a copy of which is attached to and made a part of the amended complaint, but that the action was for an overpayment on an erroneous assessment. $216,469.05 of the overpayment of $535,560.55 on the 1917 tax was credited against additional income tax alleged to be due from the plaintiff for the year 1919, on or about Sept. 14, 1925, and the remittance of the balance of overpayment was made to the plaintiff on Nov. 16th, 1925, and this action was brought on January 2nd, 1936.

In Jelke Co. v. Smietanka, 7 Cir., 86 F.2d 470, certiorari denied 300 U.S. 669, 57 S.Ct. 511, 81 L.Ed. 876, it was decided that the action of the Commissioner in applying a portion of a refund for overpayment of 1917 tax to additional taxes due for other years, which were then barred

from collection, was, within the meaning of the words of the statute, a disallowance, for, while it was in fact an allowance of a credit it was also, in practical effect, a disallowance of a refund. Language of similar import was used by Learned Hand, C. J., in Untermyer v. Bowers, 2 Cir., 79 F.2d 9, 11.

But it is not necessary to rest the disposition of this action upon the Jelke case, nor upon the fact that this suit was brought more than six years after credit was applied by the certificate of overassessment so issued.

The amendment to Section 24(20) of the Judicial Code embracing suits against the United States to recover taxes "even if the claim exceeds $10,000" makes collection by the Internal Revenue Collector the sine qua non of jurisdiction in an action against the United States in lieu of one against the Collector and the application to the 1919 deficiency of moneys already in the Treasury of the United States was effected by the Commissioner's approval of the schedule of overpayment and the action of the Collector was merely ministerial and subjected him to no personal liability. Lowe Bros. Co. v. United States, 303 U.S. 633, 58 S.Ct. 831, 82 L.Ed. 1094.

Therefore, I conclude:

This Court is without jurisdiction.

The complaint must be dismissed and judgment entered accordingly.