## B. ALTMAN & CO. v. UNITED STATES.
### No. K–298.

Court of Claims.
April 30, 1930.

A. C. Newlin and Henry Mannix, both of New York City (White & Case, of New York City, on the brief), for plaintiff.

Fred K. Dyar, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Ottamar Hamele, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and WILLIAMS, LITTLETON, GREEN, and GRAHAM, Judges.

BOOTH, Chief Justice.

Benjamin Altman devised to the plaintiff corporation real property located in the city of New York, having at the time it was received an agreed value of $5,381,500. The plaintiff corporation in its income tax return for the calendar year 1913, the year in which it received the above devise, did not report the value of the same as taxable income. On January 5, 1923, the Commissioner of Internal Revenue assessed an additional income tax predicated upon the inclusion of the value of the devise received by the corporation from Benjamin Altman as aforesaid.

On July 2, 1923, the plaintiff delivered to the collector a check in payment of the additional tax assessed on January 5, 1923, and five days later—i. e., on July 7, 1923—filed a refund claim in which a refund of the additional tax was asked for the following reasons: "Such assessment is based in part upon the value of devise under the will of Benjamin Altman who died on the 7th of October, 1913, to the undersigned taxpayer. The devise for the purposes of income tax for 1913 was valued at $5,381,500, with the resultant tax thereon of $53,815. The undersigned claims that under the law under which said assessment is purported to have been made a devise under a will or a gift to a corporation is not income and is not taxable under said law, and the undersigned claims that the said sum should be refunded for the causes above stated."

The plaintiff's check of July 2, 1923, was deposited for collection July 17, 1923, and its refund claim of July 7, 1923, was denied by the collector January 17, 1924, and its denial affirmed on November 6, 1924. Almost three and one-half years later—i. e., on June

27, 1927—the plaintiff corporation filed a second refund claim, in which a refund of the additional tax assessed on January 5, 1923, was asked for the following reasons: "Income as determined by T. D. letter of Jan. 5, 1923 (IT:CA:PU–2300) includes $5,-381,500.00, being value of devise acquired by the corporation October 7, 1913, at the decease of B. Altman. It is contended that the receipt of this devise does not represent income and that the tax paid thereon was in error and should be refunded. A hearing is requested before proper officials of the Treasury Department in the event that there is any question regarding the allowance of this claim."

The petition in this case, asserting a claim for $51,972, with interest, was filed on June 26, 1929, plaintiff corporation seeking to recover the amount of additional income taxes assessed against it on January 5, 1923, because the Commissioner illegally included the value of the Altman devise of 1913 as income.

The plaintiff concedes that under section 3226, Revised Statutes, as amended by section 1014(a) of the Revenue Act of June 2, 1924 (43 Stat. 253 [26 USCA § 156]), the cause of action is barred by limitation, unless its second refund claim filed June 27, 1927, and rejected by the Commissioner November 30, 1927, saves its rights.

The essential precedent steps to the jurisdiction of this court are of course not in issue. The filing and subsequent rejection of a refund claim, or failure of the Commissioner to act thereon for six months, and suit thereafter within two years must be disclosed by the facts, for, as conceded by the parties, the statute of limitations in this court is jurisdictional. The plaintiff in its analysis of section 3226, Revised Statutes, supra, emphasizes the terminology of the act and stresses the provision "until a claim for refund or credit has been duly filed with the Commissioner," insisting that the second refund claim meets the requirements of the act in this respect and was *duly* filed as therein required. With this contention we are unable to agree. The first refund claim met all the requirements of the statute and was regular in form and substance. We have set forth the claim in order to disclose that it

was for an alleged illegal tax exaction predicated exclusively upon the inclusion of the Altman devise as income, and embraces precisely the same and identical facts upon which the present suit is rested.

The second refund claim, filed almost four years after the first, raises no new issue, involves no additional assessment made subsequent to the filing and denial of the first, and could not by any possibility occasion a reopening of plaintiff's tax liability; and while the Commissioner may not be in a position to forestall the filing of duplicate claims for refund, section 3226, Revised Statutes, manifestly does not contemplate the repetition of contentions for refund in such a way and at such times as to toll the running of the limitation period. The purpose of limiting suits to recover alleged illegal tax exactions is evident, and if plaintiff by repeating its contentions in two refund claims may establish jurisdiction to sue, despite the limitation prescribed in the law, litigation would be prolonged indefinitely. The act of the Commissioner in rejecting the second refund claim is without legal significance, for when it was filed and afterwards rejected plaintiff's right to sue had lapsed by limitation.

The question of payment of taxes by check and the date of payment when so paid was fully discussed by the court in the case of Second National Bank of Saginaw, Trustee, v. United States, 39 F.(2d) 759, and therein it was held that "the day on which the collector receives the check will be considered the date of payment so far as the taxpayer is concerned, unless the check is returned dishonored." There can be no doubt that a suit instituted under the first refund claim within the statutory period of limitation would have properly invoked the jurisdiction of this court, and being so, the second refund claim, in the absence of additional assessments or controversy arising thereafter, was insufficient to revive a cause of action, which must be brought under the statute within the two-year period.

Other issues are raised and discussed in plaintiff's brief. In view of the foregoing, it is unnecessary to discuss them. The petition will have to be dismissed. It is so ordered.