## CLOISTER PRINTING CORPORATION v. UNITED STATES.

District Court, S. D. New York.

April 7, 1938.

Friedman & Friedman, of New York City (Hyman R. Friedman, of New York City, of counsel), for petitioner.

Lamar Hardy, U. S. Atty., of New York City (David McKibbin, 3d., Asst. U. S. Atty., of New York City, of counsel), for the United States.

PATTERSON, District Judge.

The respondent moves to dismiss the petition for insufficiency on its face.

The suit is to recover $1,000 paid in compromise of a disputed tax liability. The case made out by the petition is that the petitioner made an assignment for the benefit of creditors; that the Collector of Internal Revenue filed a claim with the assignee in the amount of $3,360 for tax claimed to be due by reason of section 609 of the Revenue Act of 1932, 26 U.S.C.A. § 1420 et seq. note, imposing a tax on "games" sold by the manufacturer, pro-

ducer, or importer; that the collector's claim was that the petitioner was liable for the tax because of manufacture or production of jigsaw puzzles; that the assignee, after protest, submitted an offer of $1,000 in compromise of the disputed tax liability, contending that the petitioner was not the manufacturer, producer, or importer of the jigsaw puzzles involved; that the offer of compromise was accepted and the $1,000 duly paid; that the compromise was made "on the belief and assumption of all parties" that there was a tax liability for jigsaw puzzles under section 609; that a year or two later it was held in White v. Aronson, 302 U.S. 16, 58 S.Ct. 95, 82 L.Ed. —, that jigsaw puzzles were not "games" within the meaning of section 609 of the 1932 Act. There are allegations of claim for refund and rejection of claim. The petitioner demands restitution of the $1,000 paid.

The respondent makes no point that any right of action is in the assignee for creditors rather than in the petitioner, and the sufficiency of the petition on this score will accordingly be taken for granted. The point pressed is that the compromise described in the petition is final and may not be overthrown.

In general, a compromise may not be upset by later proof that under it a party surrendered rights that the law would have sustained. Mason v. United States, 17 Wall. 67, 84 U.S. 67, 21 L.Ed. 564; Hennessy v. Bacon, 137 U.S. 78, 11 S.Ct. 17, 34 L.Ed. 605. The petitioner does not dispute the general proposition. It relies on the distinction that compromises, like other contracts, if based on mutual mistake of fact, may be set aside and restitution granted. Restatement of Law of Restitution, § 11; Morgan v. United States, 8 F.Supp. 746, Ct.Cl. But the distinction does not hold where the mutual mistake is simply a mistake as to the law. "Ordinarily the fact that the parties have misconstrued the law does not render the compromise subject to rescission by one of them." Staten Island Hygeia Ice & Cold Storage Co. v. United States, 2 Cir., 85 F. 2d 68, 71. See, also, Hord v. United States, 59 F.2d 125, Ct.Cl.; Restatement of Law of Restitution, § 45, and Reporters' notes. In this case the mutual mistake was that jigsaw puzzles were assumed to be taxable as "games" under the taxing statute; a mistake of law and nothing else. It follows that the money paid on compromise may not be recovered.

The plaintiff calls attention to cases where recovery has been allowed of an amount paid in compromise of interest and penalty. Big Diamond Mills Co. v. United States, 8 Cir., 51 F.2d 721; Colorado Milling & Elevator Co. v. Howbert, 10 Cir., 57 F.2d 769; Loeb v. United States, 17 F.Supp. 966, D.C.N.Y. These cases rest on an implied condition read into the agreement of compromise, as was observed in the Staten Island Case, supra.

The case presented by the petition is not one where a compromise may be rescinded. The petition is insufficient on its face, and the motion to dismiss will be granted.