98

EINSON–FREEMAN CO., Inc., v. CORWIN
et al.

No. 165.

District Court, E. D. New York.
Sept. 15, 1939.

Newman & Bisco, of New York City (Leonard G. Bisco and Frederick E. Winkler, both of New York City, of counsel), for plaintiff.

Sewall Key, Acting Asst. Atty. Gen. (Frederic G. Rita and Andrew D. Sharpe, Sp. Assts. to Atty. Gen., and Vine H. Smith, U. S. Atty., and Frank J. Parker, Asst. U. S. Atty., both of Brooklyn, N. Y., of counsel), for defendants.

ABRUZZO, District Judge.

This action was instituted by the plaintiff against the defendants to recover manufacturer's excise tax which was paid by the plaintiff pursuant to Section 609 of the Revenue Act of 1932, 26 U.S.C.A. following section 1481. The amounts claimed are $11,-643.88 and $8,141.72, respectively.

In order not to confuse the issue, upon the trial, all items other than the American News Company were withdrawn from the consideration of the Court and the complaint was amended so that it is claiming the right to recover the amount of $17,698.48 with interest. That this tax as alleged in the complaint has been paid is admitted by the defendants. It is also admitted by the defendants that the tax has not been refunded to the plaintiff although duly demanded.

The tax was imposed on the ground that jigsaw puzzles were games within the meaning of Section 609 of the Revenue Act of 1932. The defendants now admit that jigsaw puzzles as manufactured by the plaintiff are not games. This admission was undoubtedly brought about by the decision in the case of White v. Aronson, 302 U.S. 16, 58 S.Ct. 95, 82 L.Ed. 20, decided November 8, 1937, which held that jigsaw puzzles are not games and are not taxable under Section 609 of the Revenue Act of 1932.

A chronological survey of the plaintiff's claim develops the fact that on January 15, 1935 the plaintiff filed its refund claim which was rejected by the Commissioner on August 13, 1935. On February 4, 1937, the plaintiff filed another claim for this same tax which was rejected by the Commissioner on August 4, 1937. This action was commenced on January 10, 1939.

It is quite evident that under the statute no overpayment may be refunded unless the person who paid the tax has not included

this tax in the price of the article or has collected the amount of tax from the vendee.

The jigsaw puzzles, forming the basis of this action, were sold by the plaintiff to the American News Company, pursuant to the terms of a contract made November 30, 1932 (plaintiff's exhibit 1). The testimony, which was uncontradicted, showed that the negotiations for this agreement were commenced in September 1932 and final arrangements as to price were arrived at in October 1932. These negotiations led to the signing of the agreement of November 30, 1932.

The plaintiff contends that it first learned that the government claimed the tax in February 1933. After the plaintiff was apprised of the fact that the government claimed a tax on the jigsaw puzzles, it did not increase the price of the puzzles because of the terms of the contract of November 30, 1932. It is clear that the tax was not passed on to the vendee.

On August 29, 1939, counsel for the plaintiff and defendants appeared before the Court and during the course of the argument the following observations were made (Rec. p. 2):

"The Court: The plaintiff has shown a prima facie case, that they did not pass the tax to the public, and the Court will make a finding that the tax was not passed on to the public. You have no quarrel with that.

"Defendants' Counsel: I will not concede that but that is the situation."

The record may be explored and it will be found that the defendants produced not one scintilla of evidence to refute this prima facie case. It follows therefore that the plaintiff is entitled to a finding in its favor on that phase of the case.

The defendants claim that even if that be so the plaintiff cannot recover because it did not bring this suit within two years after the date of the rejection of the first claim for refund, to wit, August 13, 1935, this action having been instituted on January 10, 1939.

After the rejection by the Commissioner of the first claim on August 13, 1935, the plaintiff did nothing until February 4, 1937, when it filed a second demand for the refund of this tax. It will thus be noted that this second claim for refund was filed before the expiration of the two year period allowed by the statute from the date of the first rejection. At the time of the filing of the second demand, the plaintiff could have instituted its action and would have been within the statutory period of two years without dispute.

The second claim for refund was rejected by the Commissioner on August 4, 1937. The plaintiff still had nine days in which to commence its action to be within the limitation period, the first claim having been rejected by the Commissioner on August 13, 1935. The commencing of this action on January 10, 1939 was seventeen months later.

It is obvious that in filing its second demand for refund, the plaintiff depended upon the case of White v. Aronson, supra, decided November 8, 1937.

The basis of the first claim for refund reads as follows (defendants' exhibit A):

"The taxpayer has been assessed 10% of jigsaw puzzle sales upon the basis that it was the sale of games. This claim is filed in order to prevent the tolling of the Statute of limitations as the taxpayer has been advised that the legal question involved will be further considered by the Income Tax Unit and the Courts. Deponent believes that the decision of the Commissioner of Internal Revenue to the effect that jig saw puzzles are other than children's games is contrary in truth and in fact to the provisions of the Revenue Act of 1932; that the puzzles manufactured by this taxpayer were not games; that if conceded to be games that they were in all instances children's games; that the provision made to the effect that all jig saw puzzles containing 50 pieces or less were children's games was an arbitrary ruling and contrary to fact, for the reason that the taxpayer has numerous instances where children under 14 years of age have consistently played with these puzzles and compiled them perfectly in less time than it took a great number of adults.

"Deponent further states that he had been advised and believes that the Customs Service of the Treasury Department has used as a basis of interpreting the law a ruling that 165 pieces constitute a children's game; that although this is not controlling, it is indicative of the fact that the interpretation of children's games as being 50 pieces or less is arbitrary and subject to reconsideration."

The Commissioner's ruling on the above claim was to the following effect (defendants' exhibit B):

"The ruling to the effect that jig-saw puzzles are games within the meaning of the law and that puzzles containing more

than 50 pieces are not children's games, in the opinion of this office, correctly interprets Section 609 and is, therefore, sustained. As a consequence, the tax was properly paid on the sale of your puzzles and your claim is rejected in full."

The following constitutes the basis of the second demand for refund (plaintiff's exhibit 4):

"Refund is claimed on the grounds that a jigsaw picture puzzle is not a game within the meaning of Section 609 of the Revenue Act of 1932 (47 Stat. 264). Taxpayer contends that the word 'games' means 'contests, physical or mental, according to certain rules, for amusement, recreation, or for winning a stake' (Webster's New International Dictionary), requiring the participation of two or more persons; that a jigsaw picture puzzle does not come within its terms, and is designed for use by one person and without competition or rules. A 'game' involves a sport or diversion in which two or more persons contest when taken in connection with Section 609 of the Statute. A puzzle is 'something which perplexes or embarrasses; a difficult problem or question; hence a toy, contrivance, question or problem designed for testing ingenuity; as a crossword puzzle' (Webster's New International Dictionary). A jigsaw puzzle comes squarely within this definition, 'A contrivance * * * designed for testing ingenuity.'

"Taxpayer further relied on the decision rendered for the appellant in the case of Philip J. Aronson, Trustee, plaintiff, Appellant v. Thomas W. White, individually and as former Collector of Internal Revenue, Defendant, Appellee, U. S. Circuit Court of Appeals for the First Circuit, No. 3171, January 5, 1937, 87 F.2d 272, wherein it was held that a jigsaw picture puzzle was not taxable under Section 609 of the Revenue Act of 1932."

On the second claim for refund, the decision of the Commissioner was as follows:

"In this respect you are advised that the U. S. Supreme Court has granted certiorari in the above-mentioned case, 301 U.S. 675, 57 S.Ct. 794, 81 L.Ed. 1336. Until the U. S. Supreme Court decides otherwise, this office holds that jigsaw puzzles containing more than fifty pieces are taxable games within the meaning of Section 609 of the Revenue Act of 1932.

"Your claim is therefore rejected in full."

The defendants rely on the case of B. Altman & Co. v. United States, Ct.Cl., 40 F. 2d 781, to sustain their position that the Statute of Limitation has run.

The plaintiff on the other hand in support of its contention cites Pacific Mills v. Nichols, 1 Cir., 72 F.2d 103; and Untermeyer v. Bowers, 2 Cir., 79 F.2d 9.

In B. Altman & Co. v. United States, Ct.Cl., 40 F.2d 781, a second claim for refund which was filed almost four years after the first, which raised no new issue and involved no additional assessment, made subsequent to the filing and denial of the first demand, did not operate to reopen the tax liability with respect to the limitation period. This case further held that the act of the Commissioner in rejecting the second claim was without legal significance, for when it was filed and afterwards rejected the plaintiff's right to sue had lapsed by the two year limitation period.

In Pacific Mills v. Nichols, 1 Cir., 72 F. 2d 103, a second claim was filed after the first was rejected. This was done within the two year limitation period. The Commissioner entertained and considered the second claim and offered to receive additional evidence on it and then finally denied it on the merits. The opinion in this case clearly distinguishes that of B. Altman & Co. v. United States, Ct.Cl., 40 F.2d 781, due in a great measure to a different state of facts. In Pacific Mills v. Nichols, 1 Cir., 72 F.2d 103, 107, the language of the decision is very plain and unequivocal. It states as follows:

"If a second claim is filed covering only matters previously presented and decided, the Commissioner may in his discretion say so and refuse to entertain it. If he entertains the claim and considers it and decides it adversely to the claimant, we think suit may be brought within two years thereafter in accordance with the terms of the statute. This view opens no door to indefinite prolongation of litigation, as was suggested in the Altman Case, supra. No claim can be filed before the Commissioner more than four years after the payment of the tax, and an original claim may be filed at any time within that period.

* * *

"(4) In the present case, even if the Commissioner should be held to have decided every claim under the taxpayer's original petition, on March 26, 1927, when the second claim was filed, two years had not elapsed since the rejection of the first

claim; it was still open to the plaintiff to sue on the denial of the first claim and to the Commissioner to reconsider his decision on the first claim and permit it to be amended and reheard. Jones v. United States (Ct.Cl.) 5 F.Supp. 146. In these respects the Altman Case differs from the one before us. Moreover, in the Altman Case the ground on which the second claim was based was identical with that of the first claim and had been considered and decided in connection therewith. In the present case, as above stated, that appears not to have been the fact.

"The extreme construction of the statute for which the government now contends was at one time certainly not the view of the Department. The Solicitor of Internal Revenue held:

" 'Where an original claim for refund of a tax is made, alleging several separate and specific grounds for allowance, and demanding the full amount paid as such tax, which claim is rejected in toto, it cannot be reopened for consideration of a new and distinct ground, but claimant may make a new claim in the manner and form prescribed by the regulations, if the statutory period has not expired. * * * The language of section 3228, Revised Statutes [26 U.S.C.A. § 1433] that all claims for the refunding of any tax must be presented to the Commissioner within four years next after payment of the tax sought to be refunded, may be construed to permit the filing of separate claims for refund of a single tax or portion thereof, so long as all the claims are filed within the four year period of limitations.' "

The case at bar comes squarely within the doctrine of Pacific Mills v. Nichols as set forth above. In the first claim, the plaintiff contended that even though the puzzles were conceded to be games, they were children's games and not taxable. The Commissioner rejected this claim, holding that jigsaw puzzles containing more than fifty pieces were not children's games and were, therefore, taxable. Plaintiff's jigsaw puzzles of fifty pieces or less were not taxed. It would be fair to say that the claim and rejection of same by the Commissioner were based entirely upon the theory that jigsaw puzzles were games.

The second claim for refund was claimed on the grounds that a jigsaw puzzle was not a game at all as a "game" means a contest, physical and mental, for amusement, recreation or for winning a stake, requiring more than one person to play. The refund was demanded on the theory that a jigsaw puzzle is a difficult problem designed for testing one's ingenuity or skill. This was a new theory and did not cover matters previously presented to and decided by the Commissioner. Nevertheless, the Commissioner rejected this claim and refused to make a refund.

The rejection by the Commissioner implies that he considered the second claim; and as pointed out in Pacific Mills v. Nichols, 1 Cir., 72 F.2d 103, he might have in his discretion refused to entertain this claim, but since he did entertain and consider it and decided it adversely to the claimant, the plaintiff was brought within the terms of the statute and is entitled to sue.

The present case comes further within the purview of Pacific Mills v. Nichols, supra, but is distinguishable from B. Altman & Co. v. United States, Ct.Cl., 40 F.2d 781 in that the second claim was filed before the two year limitation period had expired.

It was aptly stated in Pacific Mills v. Nichols, 1 Cir., 72 F.2d 103, 107, that "The Altman Case is evidently to be limited to its particular facts." The decision in Pacific Mills v. Nichols, supra, points out further that the language of section 3228, Revised Statutes, 26 U.S.C.A. § 1433, sets forth that all claims for the refunding of any tax must be presented within four years next after payment of the tax sought to be refunded. This may be construed to permit the filing of separate claims for refund of a single tax so long as all the claims are filed with the four year period of limitations. The case before the Court comes within this provision.

The matter of Untermeyer v. Bowers, 2 Cir., 79 F.2d 9, cites both the matter of Pacific Mills v. Nichols and B. Altman & Co. v. United States, supra. It alludes to Pacific Mills v. Nichols, supra, with respect to the holding that a taxpayer may file a new claim based on new grounds and refers to the fact that the Court of Claims had recognized this distinction in Hills v. United States, 50 F.2d 302.

Since the present case comes squarely within the ruling set forth in Pacific Mills v. Nichols, 1 Cir., 72 F.2d 103, the plaintiff is entitled to a judgment for the recovery

of tax in the amount of $17,698.48, with interest thereon.

Submit decree in accordance with this decision on two days' notice.