## C. R. KIRK & CO. v. UNITED STATES.
### No. 44807.

Court of Claims.
April 7, 1941.

936

James A. Cosgrove, of Washington, D. C., for plaintiff.

George H. Foster, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

The first question presented in this case is whether or not the article described in the first finding is a game in the sense that word is used in section 609 of the Revenue Act of 1932, 47 Stat. 169, 264. This section levies a tax on numerous articles sold by the manufacturer, producer, or importer, of which the following groups are typical: (1) Tennis rackets, baseball bats, golf clubs, lacrosse sticks, baseballs, footballs, tennis balls, and golf balls; (2) skates, snow shoes, toboggans, canoe paddles, and fishing rods and reels; and (3) billiard and pool balls, chess and checker boards, dice, and games. Then follows this catch-all phrase: "and all similar articles commonly or commercially known as sporting goods."

It will be noted that the articles listed include equipment for both indoor and outdoor sporting contests. Among the outdoor sports are tennis, baseball, football, golf, lacrosse, and polo. Among the indoor sports are billiards, chess, checkers, dice, and games. All of these involve contests; but, in addition, there is also subjected to the tax equipment for sports which do not often involve contests, such as snow shoes, canoe paddles, fishing rods and reels.

Many of the courts have said that the word "game" necessarily involves the element of contest (Stearnes v. State, 21 Tex. 692, 694; Cheek v. Commonwealth, 79 Ky. 359, 363; 1 Bouv.Law Dict. Game, p. 1330); but we doubt that Congress meant to so limit it here. Snow shoes, toboggans, canoe paddles, fishing rods and reels, which Congress specifically taxed, may be used in contests, but rarely are.

The Supreme Court, however, in White v. Aronson, 302 U.S. 16, 58 S.Ct. 95, 97, 82 L.Ed. 20, gave somewhat qualified approval to the following statement of the Circuit Court of Appeals, 1 Cir., 87 F.2d 272: "The words. 'games and parts of games' bring into the list of taxables only such other articles as are used in games of contest, the same as those particularly named are and with which they are closely associated." In view of this, we shall assume that the element of contest is necessary.

The proof shows, and we have so found, that while there was some inducement for a person to play the machine in question by himself, the greatest enjoyment from its use was in competition with others, to see who could get the highest score. Except for the fact that it was adaptable to such contests, we doubt if many of the machines could have been sold.

We have no doubt that, insofar as this element is concerned, it comes within the definition of the word "game" as limited by White v. Aronson, supra.

The only utility of the device was recreation or amusement. It served no other useful purpose. It improved neither the mind nor the body. It had no utilitarian use.

The fact that but one player could manipulate it at a time is immaterial. Numerous articles subjected to the tax can be used by only one person at a time. A baseball bat, golf clubs, a tennis racket, a football, a billiard ball, dice, etc., can be used by only one player at a time.

We have cast about for some word to describe this device other than "game." We have been unable to think of one. It was so described by the plaintiff. The plaintiff speaks of it as "the fastest game you've ever seen."

We are of opinion that the device comes within the definition of the word "game" as used in the act.

This view makes it unnecessary for us to consider the second question presented, which is whether or not the plaintiff passed on the tax.

It results that plaintiff's petition must be dismissed. It is so ordered.