## CHAMPION SPARK PLUG CO. v. REICH.
### No. 2979.

District Court, W. D. Missouri, W. D.

Nov. 3, 1941.

Arthur C. Brown and Claude A. Fishburn, both of Kansas City, Mo., for plaintiff.

Charles H. Thompson and Johnson, Garnett & Quinn, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

Because of a complete disagreement between counsel on the questions (a) as to the comprehensiveness of the decree, and (b) whether an accounting should be ordered, I find it necessary to prepare, after a review of the authorities, a brief memorandum opinion.

1. The question as to the comprehensiveness of the decree is dependent upon the opinion of the Court of Appeals reported, 8 Cir., 121 F.2d 769.

■■ The point made by the defendant is that the decree should not be extended to forbid the retention of the "type-mark" of the plaintiff on his reconditioned spark plugs. A careful study of the opinion of the Court of Appeals reveals that the reconditioned spark plugs of the defendant were treated as entirely different from the spark plugs of the plaintiff, which bore its trade-mark and type-marks. It was the view of the Court of Appeals, therefore, that all marks originally stamped by the plaintiff should be removed from the reconditioned plugs. It has been my view that because of evidence of damage to the reconditioned device in removing the trade-marks and type-marks of the plaintiff a period of probation should be granted to determine whether the public had been or could be deceived. There being no such evidence it seemed proper to decline to grant an injunction to prohibit the use of an article because of the presence of marks not deceiving the public. However, the Court of Appeals did not agree with this viewpoint, and its opinion should be interpreted to mean that all marks of the plaintiff must be removed as a protection to the public. It is my duty to construe the opinion of the Court of Appeals precisely as a written instrument should be construed. I should go further and say, in construing opinions of the appellate courts, the principles of statutory construction control. This means that a judicial opinion should be construed with reference to the facts on which it is based and "the language used must be held as referring to the particular case, and read in the light of the circumstances under which it is used, and of the issues or questions presented." 21 C.J.S., Courts, § 222, pages 408, 409, 410, 411. White v. Aronson, 302 U.S. 16, 58 S.Ct. 95, 82 L.Ed. 20; Wright v. United States, 302 U.S. 583, 58 S.Ct. 395, 82 L.Ed. 439; Safe Deposit & Trust Co. v. Commonwealth of Virginia, 280 U.S. 83, 50 S.Ct. 59, 74 L.Ed. 180, 67 A.L.R. 386; People of Puerto Rico v. Shell Co., 302 U.S. 253, 58 S.Ct. 167, 82 L.Ed. 235.

It follows from the foregoing that the decree submitted by plaintiff is no broader than the intendment of the Court of Appeals and is a proper decree upon the mandate.

2. The plaintiff has asked for the appointment of a master to take an accounting of profits. The defendant earnestly opposes such an appointment upon the ground that an accounting is not proper in this case. Able counsel called my attention to Ammon & Person v. Narragansett Dairy Co., 1 Cir., 262 F. 880. The same case had been reported while in the District Court at 252 F. 276 and 254 F. 208. Aside from the question of innocence in infringing the trade-mark the litigants in that case covered different territory in the sale of the product. The Court of Appeals, 262 F., loc.cit. 884, said:

"So far as damages and profits are concerned, we agree, also, with the District Court that the burden is upon the plaintiff to prove that the defendant has made profits attributable, in whole or in part, to its trade-mark. * * * This burden was not sustained."

Section 99, Title 15 U.S.C.A. contemplates that when a decree has been rendered in a case of trade-mark infringement "for wrongful use of a trade-mark the complainant shall be entitled to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby, and the court shall assess the same or cause the same to be assessed under its direction."

■ The Supreme Court, in Hamilton-Brown Shoe Company v. Wolf Bros. & Co., 240 U.S. 251, loc.cit. 260, 36 S.Ct. 269, loc.cit. 272, 60 L.Ed. 629, held that the rule in such cases "is strictly analogous to that applied in patent cases." In that opinion the court said that "the right to use a trademark is recognized as a kind of property, of which the owner is entitled to the exclusive enjoyment to the extent that it has been actually used. * * * The infringer is required in equity to account for and yield up his gains to the true owner, upon a principle analogous to that which charges a trustee with the profits acquired by wrongful use of the property of the cestui que trust."

The Court of Appeals for the Sixth Circuit reached the same conclusion in Kresge v. Champion Spark Plug Co., 3 F.2d 415.

■ Upon the record in this case the plaintiff is entitled to have an accounting of profits and same will be ordered.

Roy P. Swanson, Esquire, will be appointed as Special Master to hear the matter as by order concurrently filed.