408

## INDEPENDENT LIFE & ACCIDENT INS. CO. v. COMMISSIONER OF INTERNAL REVENUE.

## UNITED LIFE INS. CO. v. SAME.

### Nos. 10692, 10693.

Circuit Court of Appeals, Fifth Circuit.

Oct. 22, 1943.

Walter E. Barton, of Washington, D. C., for petitioners.

Joseph M. Jones and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for the Commissioner in No. 10692.

Joseph M. Jones, Sewall Key, Helen R. Carloss, and Helen Goodner, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent in 10693.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges

WALLER, Circuit Judge.

The sole question in each of these cases is whether or not the reserve maintained by the companies for the protection of the policy holders under the requirements of the Florida Statute (C.G.L., Florida, § 6264, F.S.A. §§ 626.11, 638.04) was such a reserve as would entitle the taxpayers during the taxable years to be defined as life insurance companies under Section 201(a) of the Revenue Acts of 1934 and 1936, 26 U.S.C.A. Int.Rev.Code, § 201(a).

Section 201(a) of the Revenue Act of 1934, which is identical with Section 201(a) of the Revenue Act of 1936, is as follows: "(a) Definition. When used in this title the term 'life insurance company' means an insurance company engaged in the business of issuing life insurance and annuity contracts (including contracts of combined life, health, and accident insurance), the reserve funds of which held for the fulfillment of such contracts comprise more than 50 per centum of its total reserve funds."

It is admitted that the taxpayers issued life insurance contracts, some of which included health and accident benefits. It is conceded that the taxpayers each set aside three per cent of the annual gross premium revenue as a reserve, in compliance with Sec. 6264, C.G.L., Florida, but the Commissioner insists, and the Tax Court held, that the taxpayers were not life insurance companies because the term "reserve" in section 201(a) had reference only to reserves actuarily computed according to a standard table of mortality. The reserves of the taxpayers are not actuarily computed but are the reserves fixed by law of the State of Florida, and the entire reserve is held for the fulfilment of their insurance contracts.

This Court has heretofore decided this question adversely to the contentions of the Commissioner and to the decision of the Tax Court in the cases of Lamano-Panno-Fallo Industrial Insurance Co., Inc. v. Commissioner, 5 Cir., 127 F.2d 56; General Life Insurance Company v. Commissioner, 5 Cir., 137 F.2d 185; and Abilene Life Insurance Company v. Commissioner, 5 Cir., 137 F.2d 191. In these cases we held that there is no authority in the Statute for the contention that reserves required by the State law must be actuarily computed in order that the life insurance company may be defined and taxed as such. It follows, therefore, that the decision of the Tax Court in each of the above cases should be and is hereby reversed.

HOLMES, Circuit Judge (specially concurring).

No application was made for certiorari to review the decision of this court in the case of General Life Insurance Company v. Commissioner, 5 Cir., 137 F.2d 185. That decision, therefore, states the law of this circuit upon the questions therein decided. For this reason only I concur.