## COMMISSIONER OF INTERNAL REVENUE v. SWIFT & CO. EMPLOYES BEN. ASS'N.

## SWIFT & CO. EMPLOYES BEN. ASS'N v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8645-46.

Circuit Court of Appeals, Seventh Circuit.

Oct. 30, 1945.

626

Samuel O. Clark, Jr., Sewall Key, John F. Costelloe, J. P. Wenchel, and John W. Smith, all of Washington, D. C., and Helen R. Carloss, Sp. Asst. to Atty. Gen., for Commissioner of Internal Revenue.

Glenn Simmon, Edgar B. Kixmiller, and William B. Elson, Jr., all of Chicago, Ill., for Swift & Co. Employes Benefit Assn.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This is a petition for review by the Commissioner of Internal Revenue and a cross-petition by Swift & Company Employes Benefit Association (taxpayer), from a decision of the Tax Court of the United States, holding that there is a deficiency in the income tax of the taxpayer for the calendar years 1935 and 1936. The Commissioner contends and the Tax Court found that the taxpayer is taxable under § 204 of the Revenue Acts of 1934 and 1936, Title 26 U.S.C.A.Int.Rev.Acts, pages 732, 900, as an insurance company other than a life or mutual insurance company. The taxpayer contended before the Tax Court and here that it is taxable under § 201(a) of the same Revenue Act, Title 26 U.S.C. A.Int.Rev.Acts, page 898. Furthermore, the taxpayer contends and the Commissioner concedes that if § 201(a) is applicable, the assessments are invalid because of the limitation period prescribed by § 275 of the same Revenue Act, Title 26 U.S.C.A. Int.Rev.Acts, page 918. The questions presented by the Commissioner in his petition for review are predicated upon the decision of the Tax Court that the taxpayer is properly assessable under § 204. If the position of the taxpayer that it was assessable under § 201(a) is sustained, it follows that the questions raised by the Commissioner are of no moment and need not be considered.

It therefore appears appropriate first to dispose of the taxpayer's contention that it was entitled to be assessed under § 201(a). For this purpose, a brief statement of the facts will suffice. The taxpayer is a non-stock association of employes of Swift & Company, created in 1907 under a deed of trust, its purposes being to provide disability and life insurance for its members. Its funds consist of the accumulation of premiums paid by its members, together with income from the investment thereof. The deed of trust provides that all funds in excess of the amount expended for operation and in payment of claims under the policies shall be held for the payment of the risks assumed.

The taxpayer issues two kinds of membership certificates covering insurance risks —one, combined life, health, and accident, and the other, life insurance. The combination policies are in force only while the member is an employe of Swift & Company, except the life feature of such policies may be continued provided the insured has been a member of the association for one year and in the service of Swift & Company for three years. The straight life insurance policies are not cancelable. All policies are issued upon the level premium plan and the premiums are paid by weekly deductions from the members' pay on the payroll of Swift & Company.

The taxpayer twice each year computes the value of its outstanding death benefits to determine the amount of reserve necessary to be held for the fulfillment of these risks. These computations are made from the individual card records showing the amount of coverage by ages and the total amount is computed according to the American Experience Table of Mortality, with interest at 3½ per cent. This computation showed the amount of reserve necessary for the fulfillment of the policies covering death benefits only, at the beginning and end of the taxable years 1935 and 1936. The taxpayer is not required by law to file reports of its business with the Insurance Department of the State of Illinois and that Department exercises no supervision over its activities.

The taxpayer filed its income tax returns for the years in question on Form 1120L, prescribed by the Commissioner for companies issuing life and annuity contracts, including combined life, health, and accident insurance. Such returns were made in reliance on a ruling by the Commissioner in a letter addressed to the taxpayer January 28, 1931, advising it that it was subject to classification as a life insurance company and entitled to the deduction of 3¾ per cent of the mean of its reserve funds under § 203(a) (2) of the Revenue Act of 1928, 26 U.S.C.A.Int.Rev. Acts, page 411. Since the receipt of that letter, the taxpayer has consistently filed its returns as a life insurance company.

No further description of the returns made by the taxpayer for the years in controversy is necessary for the reason that the Commissioner raises no question concerning them if taxpayer was entitled to be assessed under § 201(a). In view of our abbreviated statement of facts, it seems pertinent to quote from the opinion of the Tax Court: "Petitioner is manifestly an insurance company. Respondent concedes this in his classification of it for taxation under section 204 as an insurance company other than life or mutual. It is also clear that petitioner issues life insurance policies, including those combining life, health, and accident insurance and issued on the weekly payment plan. Moreover, we are convinced from the record that petitioner maintains a reserve for its life risks, which it computes actuarially on the American Experience Table of Mortality, with interest at 3½ percent, and that this reserve in the two taxable years was more than 50 percent of its total reserves. The existence of these factors would necessarily bring it within the literal wording of the definition of a life insurance company carried in section 201(a)."

It appears obvious, in fact it is not disputed, that taxpayer comes within the literal wording of the definition of a life insurance company as provided in § 201(a), which is as follows: "Definition. When used in this title the term 'life insurance company' means an insurance company engaged in the business of issuing life insurance and annuity contracts (including contracts of combined life, health, and accident insurance), the reserve funds of which held for the fulfillment of such contracts comprise more than 50 per centum of its total reserve funds."

§ 202 defines the gross income of life insurance companies as that received during the taxable year from "interest, dividends, and rents." § 203, entitled "Net Income of Life Insurance Companies," designates the items which a life insurance company may deduct from its gross income in order to ascertain its net income: (a) (1) tax-free interest; (a) (2) reserve funds; (a) (3) reserve for dividends; (a) (4) investment expenses; (a) (5) real estate expenses; (a) (6) depreciation; and (a) (7) interest. (a) (2), entitled "Reserve funds," provides: "An amount equal to 4 per centum of the mean of the reserve funds required by law and held at the beginning and end of the taxable year * * *. Life insurance companies issuing policies covering life, health, and accident insurance combined in one policy issued on the weekly premium payment plan, continuing for life and not subject to cancellation,

shall be allowed, in addition to the above, a deduction of 3¾ per centum of the mean of such reserve funds (not required by law) held at the beginning and end of the taxable year, as the Commissioner finds to be necessary for the protection of the holders of such policies only."

The basis of the Commissioner's contention is aptly disclosed from the following statement in his brief: "It thus appears on the face of the statute that reserves 'held' within the meaning of Section 201 (a) are limited to the two types 'held' within the meaning of Section 203(a) (2), so that only those reserves which entitle a taxpayer to a deduction under the latter will qualify it as a 'life insurance company' under the former."

■ If the question presented was one of first impression, we would have no hesitancy in pronouncing the Commissioner's reasoning as fallacious. To argue that a deduction provision determines whether or not there is a taxpayer entitled to the deduction provided is like putting the cart before the horse. It appears to us more logical to determine first the existence of a taxpayer and, if one exists, the question as to whether it is entitled to a deduction is one for subsequent consideration. In other words, the question as to whether the taxpayer in the instant case is entitled to classification under § 201(a) is not dependent upon whether it is entitled to a deduction under § 203(a) (2) or any of the other deductions allowable by this section. There are cases which support this view. In Commissioner of Internal Revenue v. Monarch Life Ins. Co., 1 Cir., 114 F.2d 314, the court took issue with the contention that the words "total reserves" as used in § 201(a) had the same meaning as when used in § 203(a) (2). On page 325 the court stated: "This does not follow as the use of the word in Section 201(a) is for classification only and is quite different from the purpose of the word as used in Section 203(a) (2)."

In Lamana-Panno-Fallo Industrial Ins. Co., Inc. v. Commissioner of Internal Revenue, 5 Cir., 127 F.2d 56, 58, the court made the following pertinent observation: "The tax officer is bound to see that the deduction claimed is based on reserves 'required by law', as contrasted with voluntary reserves sought to be used as a basis of deduction. He is also concerned to examine the reserves under Section 201 to be sure the taxpayer is a life insurance company at all, for that Section defines a life insurance company as one whose reserve funds held for the fulfillment of its life insurance and annuity contracts comprise more than 50 per centum of its total reserve funds."

In National Protective Ins. Co. v. Commissioner of Internal Revenue, 8 Cir., 128 F.2d 948, the court had occasion to construe §§ 201 and 203, although for a different purpose than that of the instant case. Nevertheless, the construction is pertinent to the instant situation and we think is sound reasoning. On page 952 of 128 F.2d the court stated:

"But sections 201 and 203 are intended to serve two wholly different purposes and there is no necessary dependence or controlling relationship between them. Section 201 is a mere definition or classification statute, while section 203 is one of tax deduction right or privilege after the qualifications of section 201 have been fully met. It is not unnatural that Congress should have imposed limitations upon the class of reserve funds which would be subject to deduction for income tax purposes by a life insurance company, that were not intended to have application or significance in determining initially whether the company was entitled to classification as a life insurance company under the general definition or classification statute. In fact, the specific reference in section 203 to both 'reserve funds required by law' and 'reserve funds (not required by law)', when contrasted with the use of the general and unqualified term 'total reserve funds' in section 201, would seem to confirm that Congress had designed to leave the way open, in a classification situation, for a consideration of both forms of reserve, in order to avoid reaching an unnatural and inequitable result."

■ Another defect in the argument that the taxpayer's classification under § 201(a) must depend upon its right to a deduction under § 203(a) (2) is that it brings into collision two well recognized rules of construction. The taxpayer is entitled to have § 201(a) liberally construed in determining whether it is a life insurance company within its terms. "Where there is a reasonable doubt as to the meaning of a taxing act it should be construed most favorably to the taxpayer." White v. Aronson, 302 U.S. 16, 20, 58 S.Ct. 95, 82 L.Ed. 20. See also Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211. On the other hand, the rule of construction applicable

to a deduction provision, such as § 203(a) (2), is the contrary. "The clause to be construed relates exclusively to life insurance companies. It is intended to define a deduction * * *. The rule that ambiguities in statutes imposing taxes are to be resolved in favor of taxpayers does not apply. Deductions are allowed only when plainly authorized." Helvering, Commissioner v. Inter-Mountain Life Ins. Co., 294 U.S. 686, 689, 55 S.Ct. 572, 574, 79 L. Ed. 1227.

Notwithstanding this reasoning which we regard as rather free from doubt, the Tax Court sustained the Commissioner's contention that § 201(a) must be construed in accordance with Article 201(a)-1 of Treasury Regulation 86, promulgated under the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 664 et seq. This requires that we consider the contention of the Commissioner in this respect. The regulation provides: *"Life insurance companies: Definition.*—The term 'life insurance company' as used in Title I is defined in section 201(a). In determining whether an insurance company is a 'life insurance company' as defined in section 201(a), no reserve shall be regarded as held for the fulfillment of an insurance contract unless it conforms to the definition of 'reserve' contained in article 203(a) (2)-1."

It will at once be noted that the regulation recognizes that a life insurance company has been defined in § 201(a). It then proceeds to circumscribe that definition by placing a limitation thereon. Article 203(a) (2)-1 refers to two classes of reserve funds, (1) those required by law and (2) those not required by law. It is the contention of the Commissioner that the taxpayer does not come within either of these categories and therefore cannot be classified as a life insurance company under § 201(a). However, the real issue concerns the validity of the provision that the reserve funds be required by law. If this issue is decided adversely to the Commissioner, any issue arising under the second category is of no consequence. It is argued that the regulation has received consistent administrative approval and that it has been uniformly ·sustained in litigation. The Tax Court so found. For the statement that the regulation has received definite judicial approval, the Tax Court cites Helvering, Commissioner v. Inter-Mountain Life Ins. Co., 294 U.S. 686, 55 S.Ct. 572, 79 L.Ed. 1227; Helvering, Com-

missioner v. Illinois Life Ins. Co., 299 U.S. 88, 516, 622, 57 S.Ct. 63, 81 L.Ed. 56, 458; Standard Industrial Life Ins. Co. of Louisiana, Inc. v. Commissioner, 42 B.T.A. 1011, and Independent Life & Accident Ins. Co. v. Commissioner, 47 B.T.A. 894. We have carefully examined the two Supreme Court cases relied upon and find no reference in either to the regulation in question. In neither case was there any question but that the taxpayer was a life insurance company. The question in each was whether the taxpayer was entitled to a deduction within the meaning of § 245(a) (2) of the Revenue Act of 1921, 42 Stat. 261 (§ 203(a) (2) of the Revenue Acts applicable in the instant case). The Commissioner in his brief has failed to cite these two Supreme Court decisions and evidently realizes they are not in point. The Commissioner does cite the Standard case and the Independent case relied upon by the Tax Court, and in addition Lamana-Panno-Fallo Industrial Ins. Co. v. Commissioner, 5 Cir., 127 F.2d 56, and First Nat. Ben. Soc. v. Stuart, 9 Cir., 134 F.2d 438.

True, in the Standard case the Tax Court sustained the validity of the regulation and cited in support thereof, as it did in the instant case, the Inter-Mountain Life Insurance Company case and the Illinois Life Insurance Company case, which in our view, as already stated, furnish no support for the holding. In Independent Life, the Tax Court relied upon its decision in the Standard case. Its decision was reversed by the Fifth Circuit Court of Appeals, 138 F.2d 408. The court did not pass upon the portion of the regulation pertinent to the instant case but held invalid another portion of the same regulation. The Lamana-Panno-Fallo case was not concerned with whether the taxpayer was a life insurance company but only with the matter of deductions. On this feature only it cited the regulation with approval. The validity of the regulation now under consideration appears to have been sustained in First Nat. Ben. Soc. v. Stuart, supra, on the grounds largely that § 201(a) was ambiguous and the regulation was proper for the purpose of removing the ambiguity. Thus it is apparent that support for the portion of the regulation under consideration is far from convincing. Certainly it is no impediment to a contrary construction on our part.

That courts should give weight to the consistent interpretation of a regula-

tion by an administrative agency is not open to dispute. We do not think, however, that such recognition closes the door to a judicial determination of the invalidity of a regulation which is so clearly in conflict with a statutory provision, as is shown in the instant case. Moreover, this alleged consistent administrative construction is based largely on the assertion of the Commissioner. The record raises doubt concerning the Commissioner's interpretation of this regulation. We say this for the reason that the taxpayer consistently from 1928 to date, including the taxable years in question, filed its return as a life insurance company under § 201(a) on forms furnished by the Commissioner. In 1931, an agent of the Internal Revenue Office in Chicago raised the question as to whether the taxpayer was entitled to be thus classified. The Commissioner expressly held that it was and allowed a deduction in accordance with the provisions of § 203(a) (2). While this action on the part of the Commissioner is not controlling, we think it is pertinent as bearing upon the Commissioner's contention that the regulation has had a consistent and contrary administrative approval. At least, in the case of this taxpayer, not only for one year but for many, the regulation now relied upon was ignored. It may be, as the Commissioner asserts, that this was merely a mistake. If such it be, somebody must have been asleep at the switch.

It is our judgment that the portion of the regulation upon which the Commissioner relies in this case is invalid. At the time that § 201(a) was written, the term "reserve" had a well defined meaning in the law of insurance. Maryland Casualty Co. v. United States, 251 U.S. 342, 350, 40 S.Ct. 155, 64 L.Ed. 297. If Congress had intended to limit the word "reserve" or the words "total reserve" to such reserves as were required by law, we think it would have done so. That it was familiar with such phraseology is evidenced by the fact that reserves required by law were mentioned in the paragraph concerning foreign life insurance companies, § 201 (b) (2), assessment insurance companies, § 202(b), and, as already noted, in the deduction provisions, § 203(a) (2), applicable to life insurance companies as defined in § 201(a). There is no ambiguity in the language of § 201(a). The regulation created ambiguity and confusion where none existed before. See Mertens, Law of Federal Income Taxation, 1942, Vol. 8, § 44.18, pp. 53, 55.

In conclusion, we desire to emphasize that the question as to whether the taxpayer is entitled to a deduction under § 203(a) (2) in determining its net income is not before us and we express no view thereon. We only decide that the taxpayer is a life insurance company within the definition of § 201(a). The decision of the Tax Court is therefore reversed.