Charles N. **HAVERLY** and Ruth L. **Haverly, Plaintiffs-Appellees,**

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

No. 74–1457.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 10, 1975.

Decided March 20, 1975.

Rehearing En Banc Denied
May 5, 1975.

Scott P. Crampton, Asst. Atty. Gen., Jonathan S. Cohen, Atty., Tax Div., Dept. of Justice, Washington, D. C., Hon. James R. Thompson, U. S. Atty., Gary L. Starkman, Asst. U. S. Atty., Chicago, Ill., for defendant-appellant.

Ronald S. Supena, Chicago, Ill., for plaintiffs-appellees.

Before HASTINGS, Senior Circuit Judge, SWYGERT and CUMMINGS, Circuit Judges.

HASTINGS, Senior Circuit Judge.

This case presents for resolution a single question of law which is of first impression: whether the value of unsolicited sample textbooks sent by publishers to a principal of a public elementary school, which he subsequently donated to the school's library and for which he claimed a charitable deduction, constitutes gross income to the principal within the meaning of Section 61 of the Internal Revenue Code of 1954, 26 U.S.C. § 61.

This action was brought by the plaintiffs in the district court for recovery of income taxes paid to the United States. Jurisdiction was based on 28 U.S.C. § 1346(a)(1). The parties stipulated to the relevant facts.

During the years 1967 and 1968 Charles N. Haverly[1] was the principal of the Alice L. Barnard Elementary School in Chicago, Illinois. In each of these years publishers sent to the taxpayer unsolicited sample copies of textbooks which had a total fair market value at the time of receipt of $400. The samples were given to taxpayer for his personal retention or for whatever disposition he wished to make. The samples were provided, in the hope of receiving favorable consideration, to give taxpayer an opportunity to examine the books and determine whether they were suitable for the instructional unit for which he was responsible. The publishers did not intend that the books serve as compensation.

In 1968 taxpayer donated the books to the Alice L. Barnard Elementary School Library. The parties agreed that the donation entitled the taxpayer to a charitable deduction under 26 U.S.C. § 170, in the amount of $400, the value of the books at the time of the contribution.[2]

The parties further stipulated that the textbooks received from the publishers did not constitute gifts within the meaning of 26 U.S.C. § 102 since their transfer to the taxpayer did not proceed from a detached and disinterested generosity nor out of affection, respect, admiration, charity or like impulses.

Taxpayer's report of his 1968 income did not include the value of the textbooks received, but it did include a charitable deduction for the value of the books donated to the school library. The Internal Revenue Service assessed a deficiency against the taxpayer representing income taxes on the value of the text-

---

1. References to the taxpayer are to the husband alone. Ruth L. Haverly is a party to this appeal solely because she filed a joint income tax return with her husband for the taxable year 1968.

2. Since the tax year at issue in this litigation is 1968, the amount of the charitable deduction which could be taken was unaffected by 26 U.S.C. § 170(e)(1) which was added by the Tax Reform Act of 1969, Pub.L.No. 91–172, 83 Stat. 487.

books received. Taxpayer paid the amount of the deficiency, filed a claim for refund and subsequently instituted this action to recover that amount.[3]

The amount of income, if any, and the time of its receipt are not issues here since the parties stipulated that if the contested issue of law was decided in the taxpayer's favor, his taxable income for 1968 as determined by the Internal Revenue Service would be reduced by $400.00.

Upon agreement of the parties, the case was submitted to the district court on the uncontested facts and briefs for decision without trial. The district court issued a memorandum opinion which held that receipt of the samples did not constitute income. Haverly v. United States, N.D.Ill., 374 F.Supp. 1041 (1974). The court subsequently ordered, in accordance with its decision, that plaintiffs recover from the United States the sum of $120.40 plus interest. The United States appeals from that judgment. We reverse.

Section 61(a) of Title 26 of the United States Code provides: "Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:" The section thereafter enumerates fifteen items none of which, the government concedes, encompass the receipt of sample textbooks. The taxpayer concedes that receipt of the books does not fall within any of the specific exclusions from gross income set out in Sections 101 through 124 of Title 26. The only question remaining is whether the value of the textbooks received is included within "all income from whatever source derived."

The Supreme Court has frequently reiterated that it was the intention of Congress "to use the full measure of its taxing power" and "to tax all gains except those specifically exempted." James v. United States, 366 U.S. 213, 218–219, 81 S.Ct. 1052, 1054–1055, 6 L.Ed.2d 246 (1961). The Supreme Court has also held that the language of Section 61(a) encompasses all "accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." Id. at 219, 81 S.Ct. at 1055; Commissioner of Internal Revenue v. Glenshaw Glass Co., 348 U.S. 426, 431, 75 S.Ct. 473, 99 L.Ed. 483 (1955).

There are no reported cases which have applied these definitions of income to the question of the receipt of unsolicited samples. The parties have cited to the court a number of cases applying income definitions to other fact situations. We have considered these cases, but we find them of no particular assistance in resolving the question before us. In view of the comprehensive conception of income embodied in the statutory language and the Supreme Court's interpretation of that language, we conclude that when the intent to exercise complete dominion over unsolicited samples is demonstrated by donating those samples to a charitable institution and taking a tax deduction therefor, the value of the samples received constitutes gross income.

The receipt of textbooks is unquestionably an "accession to wealth." Taxpayer recognized the value of the books when he donated them and took a $400 deduction therefor. Possession of the books increased the taxpayer's wealth. Taxpayer's receipt and possession of the books indicate that the income was "clearly realized." Taxpayer admitted that the books were given to him for his personal retention or whatever disposition he saw fit to make of them. Although the receipt of unsolicited samples may sometimes raise the question of whether the taxpayer manifested an intent to accept the property or exercised

---

**3.** Taxpayer originally sought a refund of $288.76 and sought to recover that amount in this action. This amount reflected taxpayer's contentions that the books were not income and that he was entitled to a charitable deduction for $430 worth of books which had been given directly to the school by the publishers. In proceedings in the district court, taxpayer conceded that he was not entitled to a deduction for the books which the publishers had sent to the school.

"complete dominion" over it, there is no question that this element is satisfied by the unequivocal act of taking a charitable deduction for donation of the property.

The district court recognized that the act of claiming a charitable deduction does manifest an intent to accept the property as one's own. It nevertheless declined to label receipt of the property as income because it considered such an act indistinguishable from other acts unrelated to the tax laws which also evidence an intent to accept property as one's own, such as a school principal donating his sample texts to the library *without* claiming a deduction. We need not resolve the question of the tax consequences of this and other hypothetical cases discussed by the district court and suggested by the taxpayer. To decide the case before us we need only hold, as we do, that when a tax deduction is taken for the donation of unsolicited samples the value of the samples received must be included in the taxpayer's gross income.

This conclusion is consistent with Revenue Ruling 70–498, 1970–2 Cum.Bull. 6, in which the Internal Revenue Service held that a newspaper's book reviewer must include in his gross income the value of unsolicited books received from publishers which are donated to a charitable organization and for which a charitable deduction is taken. This ruling was issued to supercede an earlier ruling, Rev.Rul. 70–330, 1970–1 Cum.Bull. 14, that mere retention of unsolicited books was sufficient to cause them to be gross income.[4]

The Internal Revenue Service has apparently made an administrative decision to be concerned with the taxation of unsolicited samples only when failure to tax those samples would provide taxpayers with double tax benefits. It is not for the courts to quarrel with an agency's rational allocation of its administrative resources.

In light of the foregoing, the judgment appealed from is reversed and the case is remanded to the district court with directions to enter judgment for the United States.

Reversed.

---

4. The district court considered Revenue Ruling 70–498 distinguishable from the facts of the instant case on the ground that, for the book reviewer, the books were the tools of his trade. The district court did not explain why "tools of the trade" should be a significant factor in determining what is income, but even if it were, textbooks would seem to be a tool of the trade of being a school principal. The facts here indicate that it was one of taxpayer's functions as a principal to review sample textbooks to determine their suitability for his students.