The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Plaintiff,

v.

UNITED STATES of America, Defendant.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. Nos. 81–2219–S, 84–2193–S.

United States District Court, D. Kansas.

Feb. 14, 1986.

Gary L. Crosby, Orval M. Adam, Gus Svolos, Daniel J. Westerbeck, Brian J. McKenna, Chicago, Ill., Laurence E. Garrett, J.B. Reeves, Topeka, Kan., Weeks, Thomas & Lysaught, J. Donald Lysaught, Kansas City, Kan., for plaintiff.

Benjamin L. Burgess, Jr., U.S. Atty., D. Kan., David Gustafson, Robert L. Baker, James P. Sites, George L. Squires, Trial Attys., Tax Div., Dept. of Justice, Washington, D.C., Janice Miller Karlin, Asst. U.S. Atty., Kansas City, Kan., for defendant.

Highsaw & Mahoney, P.C., William G. Mahoney, William J. Birney, Washington, D.C., Robert D. Loughbom, Kansas City, Kan., for Railway Labor Executives' Assn.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion for summary judgment and plaintiff's motion for partial summary judgment. The court heard oral argument on these motions on January 3, 1986. This is a civil tax refund suit brought by plaintiff to recover railroad retirement taxes paid pursuant to provisions of the Railroad Retirement Tax Act of the Internal Revenue Code of 1954. These consolidated cases involve the identical issue of whether the amount of compensation subject to taxation under the Railroad Retirement Tax Act is determined by the amount of compensation paid or earned in any calendar month.

To rule favorably on a motion for summary judgment, the court must first determine that the matters considered in connection with the motion disclose "that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. The principal inquiry is therefore whether a genuine issue of material fact exists. *Dalke v. The Upjohn Co.,* 555 F.2d 245 (9th Cir.1977); *Hanke v. Global Van Lines, Inc.,* 533 F.2d 396 (8th Cir.1976). A motion under Rule 56 will be denied unless the movant demonstrates beyond doubt that he is entitled to a favorable ruling. *Madison v. Deseret Livestock Co.,* 574 F.2d 1027 (10th Cir.1978); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.,* 516 F.2d 33 (10th Cir.1975). Pleadings and documentary evidence are to be construed liberally in favor of a party opposing a Rule 56 motion. *Harman v. Diversified Medical Investments Corp.,* 488 F.2d 111 (10th Cir.1973), *cert. denied* 425 U.S. 951, 96 S.Ct. 1727, 48 L.Ed.2d 195 (1976). However, once a summary judgment motion has been properly supported, the opposing party may not rest on the allegations of the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Coleman v. Darden,* 595 F.2d 533, 536 (10th Cir.), *cert. denied* 444 U.S. 927, 100 S.Ct. 267, 62 L.Ed.2d 184 (1979). A party with evidence tending to create a factual issue must present that evidence to the trial judge or summary judgment is proper. *Otteson v. United States,* 622 F.2d 516, 520 (10th Cir. 1980).

The uncontroverted facts for the purposes of these motions are as follows. Plaintiff initiated these suits after its refund claims for employer railroad retirement taxes and employee railroad retirement taxes were denied by the Internal Revenue Service [hereinafter IRS]. The Railroad Retirement Tax Act is a federal employment tax statute which imposes an excise tax on railroad employers and employees. Taxes collected under the Railroad Retirement Tax Act are appropriated to fund the benefits payable to railroad employees pursuant to the Railroad Retirement Act, 45 U.S.C. 231, *et seq.* The Railroad Retirement Tax Act and Railroad Retirement Act statutes provide a social security system for railroad employees.

Railroad retirement taxes are computed by applying a statutory tax rate to the amount of an employee's taxable compensation. For the period of time at issue here, taxable compensation was an employee's total monthly compensation that was not in excess of the monthly base. Plaintiff is an employer subject to the Railroad Retirement Tax Act, § 3231(a) and § 3231(g), and all its employees are employees subject to the Railroad Retirement Tax Act, § 3231(b).

During 1972, the IRS examined plaintiff's Railroad Retirement Tax Act tax returns for each of the calendar quarters for the years 1969 through 1971. The IRS Agent determined an additional amount in Railroad Retirement Tax Act taxes was owed on retroactive compensation. Plaintiff had reported compensation as taxable in the month the payment was recorded on its payroll records regardless of when the compensation was earned or paid. The IRS Agent contended that compensation was taxable only in the months in which it was earned. The issue was subsequently referred to the IRS National Office For Technical Advice. The IRS held, in Revenue Ruling 75–266, 1975–2 C.B. 408, that railroad employees' lump sum back pay is subject to Railroad Retirement Tax Act taxes to the extent and at the rate of tax applicable when it was earned.

On August 9, 1975, the Railroad Retirement Tax Act was retroactively amended by Public Law 94–93, 89 Stat. 466. The IRS subsequently revoked Revenue Ruling 75–266 and issued Revenue Ruling 75–565, 1975–2 C.B. 410, which held that lump sum back pay is subject to Railroad Retirement Tax Act taxes to the extent and at the rate of tax applicable when it was actually paid unless the employee requests that these determinations be made on the basis of when the compensation was actually earned. The IRS Agent thereafter agreed that plaintiff did not owe an additional amount in Railroad Retirement Tax Act taxes.

Thereafter, plaintiff recalculated its Railroad Retirement Tax Act liability, as well as that of its employees, for all tax years not previously closed under the applicable statute of limitations and determined that it had overpaid its employer tax and over-withheld the employee tax for the years 1969 through 1974. Plaintiff subsequently filed its claim for refund. The provisions at issue in this case provide, in pertinent part:

> In addition to other taxes, there is hereby imposed on the income of every employee a tax equal to the rate of a tax imposed with respect to wages ... of so much of the compensation paid in any calendar month to such employee for services rendered by him ...

26 U.S.C. 3201.

> In addition to other taxes, there is hereby imposed on every employer an excise tax, ... of so much of the compensation paid in any calendar month by such employer for services rendered to him as is, with respect to any employee for any calendar month ...

26 U.S.C. 3221(a).

> (1) The term "compensation" means any form of money remuneration paid to an individual for services rendered as an employee to one or more employers....

26 U.S.C. 3231(e).

These statutes have been subsequently amended; however, it is the above-quoted language which is in issue here.

Plaintiff asserts that the Railroad Retirement Tax Act as amended by Public Law 94–93 imposes the employer tax and employee tax on compensation to the extent and at the rate applicable when it is actually paid. Plaintiff argues that the clear meaning of the language of these statutes supports that assertion. Defendant counters that the scope of Public Law 94–93 has been limited to situations involving retroactive wage payments leaving current compensation untouched. Defendant contends that the above-cited language is ambiguous and that the phrase "compensation paid in any calendar month" means compensation reflected on the payroll for that month.

The Carriers Taxing Act of 1937, Public Law 75–174, 50 Stat. 435, was the predecessor of the Railroad Retirement Tax Act. That act clearly imposed taxes on employers and employees on an earned basis. Section 2(a) imposed taxes on an employee for "compensation ... for any calendar month, earned by him." Section 3(a) required employers to pay a tax for a certain percentage of compensation paid to an employee for services rendered. Compensation was defined in section 1(e) as "any form of money remuneration earned by an individual for services rendered ..."

The Carriers Taxing Act of 1937 was amended in 1946 by Public Law 79–572, 60 Stat. 722. Section 1500 of the Internal Revenue Code was amended to read as follows, "there shall be levied ... upon the income of every employee a tax equal to the following percentages of so much of the compensation, paid to such employee ... for services rendered by him after such date, as is not in excess of $300 for any calendar month ..." Section 1520 was amended to state, "every employer shall pay an excise tax, with respect to having individuals in his employ, equal to the following percentages of so much of the compensation, paid by such employer after December 31, 1946, for services rendered to him after December 31, 1936, as is, with respect to any employee for any calendar month, not in excess of $300 ..."

With respect to the 1946 amendment, House Report 1362 initially included a section, 4(f), which provided:

> Effective January 1, 1946, sections 1500 to 1530, inclusive, and section 1536 of the Internal Revenue Code are removed from the Internal Revenue Code and shall constitute title II of the Railroad Retirement Act of 1937, ... said title to be in the words and marks: "Carriers Taxing Act of 1945" ...

The Senate report defined this section as follows:

> Section 4(f): This subsection codifies the Carriers Taxing Act as title II of the Railroad Retirement Act. In this way all

the definitions of the Retirement Act, some of which are amended by this bill become automatically applicable to the Carriers Taxing Act and in the future if there is any occasion to amend definitions a single amendment will suffice. . . .

Senate Report 1710, Part 2, 79th Cong., 2d Sess., p. 9 (1946).

House Report 1362 was amended on the floor of the Senate [see 92 Cong.Record 10160–10172 (1946)] and section 4(f) was not enacted, leaving an ambiguity as to whether the definitions applicable to the Railroad Retirement Act were to also be applied for taxation purposes. When discussing the significance of the amendment to the Railroad Retirement Tax Act at a time when section 4(f) was still part of the Bill, the Senate Report described the changes as "necessary to change the computation of benefits and taxes from a 'compensation earned' basis to a 'compensation paid' basis." Suppl.Senate Report 1710, Part II, 79th Cong., 2d Sess., p. 7 (1946). As a rationale for this change, the Senate Report stated:

> Under present law, compensation is credited to the month in which it was earned even though in the case of pay for time lost, adjustment board awards, retroactive wage increases, etc., the amount earned is not ascertained until some time later when the reports for the period in which compensation was earned have already been made. This brings about heavy administrative burdens both on the Board and on the employers to make thousands of corrections in reports previously filed. These are useless operations since in most cases it makes little or no difference to the employee's annuity whether the compensation is credited at the time it is paid or at the time it is earned.

*Id.* After the 1946 amendments, it was unclear whether compensation was to be taxed on an "as earned" or an "as paid" basis, but defendant contends that the IRS routinely taxed on an "as earned" basis.

The next relevant amendment to the Railroad Retirement Tax Act is the one in issue here. In 1975, Public Law 94–93 was enacted and the pertinent changes were as follows:

> Sec. 201. Section 3201 of the Railroad Retirement Tax Act is amended by striking out "compensation paid to such employee" and inserting in lieu thereof "compensation paid in any calendar month to such employee."
>
> . . . .
>
> Sec. 203. Section 3221(a) of the Railroad Retirement Tax Act is amended by striking out "compensation paid by such employer" and inserting in lieu thereof "compensation paid in any calendar month by such employer."
>
> Sec. 204. Section 3231(e)(1) of the Railroad Retirement Tax Act is amended by striking out the first sentence and inserting in lieu thereof:
>
> "The term 'compensation' means any form of money remuneration paid to an individual for services rendered as an employee to one or more employers."

Public Law 94–93 was a response to Revenue Ruling 75–266, which found that railroad employees' lump sum back pay was subject to Railroad Retirement Tax Act taxes to the extent and at the rate of tax applicable when it was earned. Defendant contends that the scope of Public Law 94–93 was limited to retroactive compensation and does not apply to current compensation. The court notes, however, that the language contained within Public Law 94–93 specifies no such restriction.

When the proposed amendment was introduced, it was described by Congressman Staggers (D.W.Va.) as follows:

> [T]he Railroad Retirement Tax Act was amended in 1946 in part for the purpose of imposing the tax on a "paid" rather than an "earned" basis. . . . The Senate Commerce Committee report that accompanied the bill stated that the amendments "are necessary to change the computation of benefits and taxed [sic] from a 'compensation earned' basis to a 'compensation paid' basis," and that existing

law "brings about heavy administrative burdens both on the Railroad Retirement Board and on the employers to make thousands of corrections in report [sic] previously filed" which are "useless operations." ... Since 1946, the Railroad Retirement Board has permitted carriers to report compensation on an as paid basis, and the Board has recently confirmed the legal propriety of this procedure.

Nonetheless, the Internal Revenue Service has ruled in Revenue Ruling 75–226 (IRB 1975–27, p. 33) that compensation is to be taxed under the Railroad Retirement Tax Act as of the period when earned irrespective of when it was paid. The bill would amend the Railroad Retirement Act to clarify the intention originally expressed in 1946, that compensation is to be taxed only on an "as paid" basis. Because these amendments are clarifications of existing law they are to apply to all taxable years not yet closed as well as those in the future.

121–19 Cong.Record 24479 (July 24, 1975).

Senator Williams (D.N.J.) described the amendment as follows:

Finally, there is an amendment to the Railroad Retirement Tax Act in this bill that was added on in the House and appears in the measure as title III. This amendment relates to the way in which retroactive wage payments under a collective-bargaining contract such as that recently negotiated with the Brotherhood of Railway and Airline Clerks are reported for railroad retirement tax purposes.

121 Cong.Record 25603 (July 29, 1975).

A further explanation came from Senator Long (D.La.), Chairman of the Senate Finance Committee:

The amendment deals with the method of assessing railroad retirement payroll taxes. It essentially restores the practice existing up until this year when a new revenue ruling interpreted the law to require that these taxes be assessed as of the period when the wages were actually earned. This revenue ruling creates an administrative burden on rail-

road employers and provides a taxing basis which is inconsistent with the basis under which the Railroad Retirement Board credits wages to employee accounts for benefit computation purposes. This amendment will make the two procedures consistent in that for both tax assessment and benefit computation purposes wages will be considered to be earned as of the period when they are actually paid except that the employee may, at his option, request that these determinations be made on the basis of when the wages were actually earned.

121–21 Cong.Record 26759 (Aug. 1, 1975).

Congressman Corman (D.Cal.), in discussing Public Law 94–93, stated:

It essentially restores the practice existing up until the year when the Internal Revenue Service issued a new revenue ruling which interpreted the existing law to require that these taxes be assessed as of the period when the wages were actually earned rather when actually paid. This revenue ruling creates an administrative burden on railroad employers and provides a taxing basis which is inconsistent with the "as paid" basis under which the Railroad Retirement Board allows an employer to report wages and under which the Board then credits wages to employee accounts for benefit computation purposes. This amendment will make the two procedures consistent in that for both tax assessment and benefit computation purposes wages will be considered to be earned as of the period when they are actually paid except that the employee may, at his option, request that these determinations be made on the basis of when the wages were actually earned....

121 Cong.Record 27014 (Aug. 1, 1975).

Congressman Steiger (R.Ariz.) added:

The change is one in which it will be easier for the railroads to keep their books, in terms of retroactive payments made to the retirees on Railroad Retirement benefits. The issue is one as to whether or not the tax shall be paid

when the benefits are paid or, as IRS ruled, when the benefits were earned.

On the basis of retroactive benefits, if we do not get the change proposed in the Senate amendment, we will seriously hamper railroad bookkeeping.... The estimated revenue loss is something in the range of $10,000. There is a substantial bookkeeping saving to railroad management if a change is made.

*Id.*

■ Defendant asserts that its interpretation of Public Law 94–93, that "compensation paid in any calendar month" means compensation reflected on the payroll for that month, best effectuates legislative intent and that Congressman Staggers, a sponsor of the 1975 amendment, incorrectly believed the 1946 amendments had changed the Railroad Retirement Tax Act from an "earned" to a "paid" basis. Defendant also asserts that Public Law 94–93 was intended to be limited to retroactive compensation as the government and railroads both interpreted current compensation to be taxed when earned. Defendant asserts that plaintiff's interpretation of the 1975 amendment would reverse Revenue Ruling 75–266 as Congress intended, but this interpretation would also contradict Congress' intent to leave existing practices alone, therefore plaintiff's interpretation is inconsistent with the purpose of the statute. Defendant also asserts that its own interpretation coincides with the de minimis revenue impact which the amendment was intended to have.

When considering the statutory language and pertinent legislative history surrounding Public Law 94–93, it is apparent that the intent of the amendment was to clearly place Railroad Retirement Tax Act taxes on an "as paid" basis. Although the impetus for the amendment was Revenue Ruling 75–266, which concerned retroactive compensation, the language of Public Law 94–93 contains no limitations on its application. Had Congress intended to limit the application of Public Law 94–93 to cases involving only retroactive compensation, it could clearly have done so.

■ Defendant asserts that the term "paid" is capable of different meanings and is a term of art as used in this statute. The court notes that the term "paid" is not defined within the Railroad Retirement Tax Act. Unless the contrary appears, statutory words are presumed to be used in their ordinary and usual sense and with the meaning commonly attributed to them. *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed.2d 442 (1917). See also, *Crane v. Commissioner,* 331 U.S. 1, 6, 67 S.Ct. 1047, 1050–51, 91 L.Ed. 1301 (1947). Common definitions which are attributed to the word "pay" include:

a. "to make due return to for services rendered ...";

b. "to give in return for goods or service"; and

c. "to make a disposal or transfer of (money)."

*Webster's New Collegiate Dictionary,* p. 835 (1979). In the absence of contrary intention, the court must interpret the word "paid" as used in Public Law 94–93 in light of its ordinary meaning.

Even if the term "paid" were capable of a more technical meaning, such term should be construed most favorably to the taxpayer. Tax laws are made to be obeyed and should therefore be intelligible to those who are expected to obey them. *White v. Aronson,* 302 U.S. 16, 20–21, 58 S.Ct. 95, 97, 82 L.Ed. 20 (1937).

■ The court's function is to construe statutory language to give effect to the intent of Congress. *United States v. American Trucking Associations,* 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940). The most persuasive evidence of the purpose of a statute is the words chosen by the legislature to give expression to its wishes and such words are given their plain meaning. *Id.* If the plain meaning leads to absurd, futile or unreasonable results, the court may look beyond the words to the purposes of the act. *Id.*

In the instant case, Congress has chosen words which give effect to its intended

purpose of Public Law 94–93. Further, legislative history surrounding the 1975 amendment indicates Congress intended to have Railroad Retirement Tax Act taxes as a whole imposed on a compensation paid basis. The court cannot restrict its interpretation of Public Law 94–93 simply because Congress did not correctly realize the revenue impact of this amendment. See *Eastern Air Lines, Inc. v. C.A.B.*, 354 F.2d 507 (D.C. Cir.1965).

Elected representatives are presumed to know the law. *Director, OWCP v. Perini North River Associates*, 459 U.S. 297, 103 S.Ct. 634, 74 L.Ed.2d 465 (1983). Even if the court were to agree with defendant's assertion that Congressman Staggers misinterpreted the effect of the 1946 amendment, the court would still be inclined to believe that the overwhelming evidence and the legislative history indicate that Congress had the intent to tax compensation under the Railroad Retirement Tax Act on a paid basis. The court must give effect to Congress' intent.

The court has considered defendant's arguments regarding the deemed paid rule [§ 3231(e)] and the multiple employer rule [§ 3211(a)] but does not find these arguments to be persuasive in light of the above discussion. The court hereby finds that Public Law 94–93 must be interpreted in accordance with its plain meaning in light of the legislative history surrounding its enactment. Under Public Law 94–93, Railroad Retirement Tax Act taxes are to be imposed to the extent and at the rate of tax applicable when compensation is paid.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for summary judgment is hereby denied. IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment in Case No. 84–2193 is hereby granted. IT IS FURTHER ORDERED that summary judgment is hereby granted in plaintiff's favor in Case No. 81–2219. Plaintiff is directed to prepare, within twenty (20) days from the date this memorandum and order is filed, a journal entry of judgment in an

amount to which both parties agree in that case.