The ATCHISON, TOPEKA & SANTA FE RAILWAY, CO., Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. Nos. 81–2219–S, 84–2193–S.

United States District Court,
D. Kansas.

April 14, 1986.

Gary L. Crosby, Orval M. Adam, Gus Svolos, Daniel J. Westerbeck, Brian J. McKenna, Weston M. Marsh, Chicago, Ill., Laurence E. Garrett, J.B. Reeves, Topeka, Kan., Weeks, Thomas & Lysaught, J. Donald Lysaught, Kansas City, Kan., for plaintiff.

Benjamin L. Burgess, Jr., U.S. Atty., D. Kan., David Gustafson, Robert L. Baker, James P. Sites, George L. Squires, Trial Attys., Tax Div., Dept. of Justice, Washington, D.C., Janice Miller Karlin, Asst. U.S. Atty., Kansas City, Kan., for defendant.

Highsaw & Mahoney, P.C., William G. Mahoney, William J. Birney, Washington, D.C., Robert D. Loughbom, Kansas City, Kan., for Railway Labor Executives' Ass'n.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion for reconsideration. This is a civil tax refund suit brought by plaintiff to recover Railroad Retirement Tax Act taxes paid pursuant to the provisions of the Railroad Retirement Tax Act of the Internal Revenue Code of 1954. The court previously granted summary judgment in plaintiff's favor in Case No. 81–2219–S and partial summary judgment in Case No. 84–2193–S in its Memorandum & Order of February 14, 1986. See *Atchison, Topeka & Santa Fe Railway Co. v. United States of America*, 628 F.Supp. 1431 (D.Kan. 1986). The court therein determined that Public Law 94–93, enacted in 1975, imposed taxes under the Railroad Retirement Tax Act to the extent and at the rate of tax applicable when compensation is paid. Defendant does not now argue for reconsideration of this conclusion.[1]

Plaintiff initially objects on the basis that defendant's motion for reconsideration improperly raises new legal issues for the first time. Plaintiff argues that defendant is precluded from presenting new arguments which could have been made before the court rendered its opinion. Defendant's motion for reconsideration is based on the separate effect of the deemed-paid rule, 26 U.S.C. § 3231(e) as it pertains to plaintiff's tax liability. The court considered defendant's arguments regarding the deemed-paid rule as it pertained to the interpretation to be given to Public Law 94–93, found them to be unpersuasive, but did

---

1. Defendant does not, however, concede this issue, but rather seeks an enlargement of the court's Memorandum & Order for a ruling on the manner of computation for determining the extent of plaintiff's tax liability.

not elaborate on the deemed-paid rules effect on plaintiff's tax liability. The arguments defendant now makes were properly before the court at the time of the February 14, 1986, Memorandum & Order and the court finds that an enlargement of that Order is now required.

Defendant argues that plaintiff's liability for Railroad Retirement Tax Act taxes should be computed by applying all compensation against the monthly limit in the month in which it was paid, not in the quarter in which it was "deemed paid" under § 3231(e)(1). Plaintiff argues that the deemed-paid rule of § 3231(e)(1) is a computational rule and operates as an exception to the rule that compensation is taxable upon actual or constructive payment. The question this court must decide is whether compensation earned in one quarter but paid during the next calendar month is to be considered "compensation paid in" the prior quarter for purposes of § 3201(a), § 3211(a), and § 3221(a) liability, by virtue of the deemed-paid rule of § 3231(e)(1).

Section 3231(e)(1) provides in pertinent part:

"[C]ompensation which is earned during the period for which the Secretary or his delegate shall require a return of taxes under this chapter to be made and which is payable during the calendar month following such a period shall be deemed to have been paid during such period only...."

Defendant asserts that this rule pertains to an employer's reporting requirement and has no computational effect. Conversely, plaintiff asserts the rule, by its plain meaning, applies to the computation of tax and relates to the Railroad Retirement Tax Act's monthly limitation.

The deemed-paid rule of § 3231(e)(1) had its predecessor in § 1(e) of the Carriers' Taxing Act of 1937, Public Law 75–174, 50 Statute 435, which in pertinent part provided:

Compensation which is earned during the period for which the Commissioner of Internal Revenue shall require a return of taxes hereunder to be made and which

is payable during the calendar month following such period shall be deemed to have been paid during such period only.

When this rule was enacted, Railroad Retirement Tax Act taxes were clearly imposed on an earned basis. Section 2(a) of the Carriers' Taxing Act provided for a monthly limitation to be applied against an employee's compensation "for any calendar month, earned by him...." Because the Carriers' Taxing Act was on an earned basis, the operation of the monthly limitation was not affected by when the compensation was paid, but was governed by when it was earned. As long as the Railroad Retirement Tax Act remained on an earned basis, the deemed-paid rule could not affect the computation of the monthly limitation.

Treas.Reg. 114, § 411.208 p 20–21 (1948), discusses the deemed-paid rule of § 3231(e)(1) in pertinent part as follows:

Compensation is deemed to be paid— ... (c) within the period for which a return of tax is required to be made, if the compensation was earned during such period and is payable during the calendar month following such period. *See* § 411.601, relating to periods for which a return of tax is required, and § 411.207, relating to when compensation is earned.

The Treasury Regulations give the following example:

*"Example* (1). During September, 1950 (which falls in a period for which a return of tax is required to be made), A is employed by employer X at a monthly salary of $200.00, one-half of which is payable on the 25th of the month in which the services are performed and the other half on the 10th of the following month. Thus on October 10, A is paid $100.00 which was earned during September. That $100.00 is deemed to have been paid to A in September and should be included in X's return for the quarter July, August, and September."

The above example speaks in terms of the deemed-paid rule as it relates to an employer's reporting obligations. Other examples indicate this as well.

When the Railroad Retirement Tax Act was amended in 1975 by Public Law 94–93,

compensation was determined to be taxed on a paid rather than an earned basis. Plaintiff asserts the deemed-paid rule should be construed as if the rule was also re-enacted at that time. The legislative history surrounding this rule is of little help. The Treasury Regulations do offer some guidance. The court finds that it is best to resort to the statute itself.

The statute speaks in terms of a required "return of taxes." Under this rule, the employer is required to report certain compensation on his return for the quarter in which the compensation was earned. The deemed-paid rule refers to the period for which a return of taxes is required and specifies that compensation paid during the calendar month following such period shall be deemed paid during the prior period. The rule does not specify which month of the prior period the compensation is to be deemed paid. Although it may be logically assumed that for purposes of the monthly limitation, compensation paid in the later quarter should be deemed paid in the last month of the prior quarter, the statute's silence on this point is an indication that the rule was not meant to be computational for purposes of determining the monthly limitation. Since the deemed-paid rule was enacted when the railroad retirement tax was on an earned basis, the rule by its very terms could not affect computation of the monthly limit.

The court can find no justification for plaintiff's interpretation of the deemed-paid rule after the Railroad Retirement Tax Act was converted to a paid basis in 1975. Legislative history does not discuss the impact this rule would have after the conversion from an earned to a paid tax basis. It is apparent that Congress did not consider the effect of Public Law 94–93 on the Railroad Retirement Tax Act as an integrated whole. When dealing with hasty legislation, the court must seek the most harmonious, comprehensive meaning possible. *Clark v. Uebersee Finanz-Korp*, 332 U.S. 480, 488, 68 S.Ct. 174, 177, 92 L.Ed. 88 (1947). To interpret the deemed-paid rule as plaintiff suggests would be contrary to the intent of Public Law 94–93. Such an interpretation of the deemed-paid rule would create an exception to the 1975 amendment without justification. Plaintiff can point to no Congressional purpose for such an exception. The court hereby finds that plaintiff's liability for railroad retirement taxes is to be computed by applying all compensation against the monthly limit in the month in which it was paid, not in the period in which it was deemed paid under § 3231(e)(1). Damages should be computed accordingly.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for reconsideration is hereby granted and the court's Order of February 14, 1986, is hereby enlarged to provide an interpretation of the deemed-paid rule.